## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1.  **VONNIE JONES & LEONARD P. JONES – VONNIE'S PAWN SHOP**, <br><br> *Plaintiff*, <br><br> v. <br><br> 1.  **THE CITY OF STILWELL, OKLAHOMA**, and <br> 2.  **JEAN ANN WRIGHT, Mayor for the City of Stilwell, Oklahoma**, <br><br> *Defendants*. | Case No. 20-CV-305-RAW |

## <u>ORDER</u>

This matter comes before the court on the Motion for Summary Judgment of the City of Stilwell, Oklahoma [Dkt. No. 52]. For the reasons set forth below, the court grants in part and denies in part this Motion.

## BACKGROUND

The case arises from a notice letter issued by the City of Stilwell, Oklahoma ("City"), and Jean Ann Wright, Mayor of the City of Stilwell, Oklahoma ("Mayor Wright"), regarding the closure of non-essential businesses as a result of the COVID-19 pandemic. Plaintiff Vonnie Jones & Leonard P. Jones – Vonnie's Pawn Shop ("Plaintiff") alleges it was impermissibly closed despite being an essential business. It asserts two causes of action: (1) violation of the Oklahoma Pawnshop Act and (2) violation of the Due Process Clause pursuant to 42 U.S.C. § 1983. The City has moved for summary judgment on both causes of action.[1]

---

[1] Plaintiff additionally named as a Defendant Mayor Wright in her official capacity. An action against Mayor Wright in her official capacity is to be treated as a suit against the City. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."). The court therefore considers this Motion on behalf of the City and Mayor Wright.

**LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A fact is genuinely disputed "when the evidence is such that a reasonable jury could return a verdict for the nonmoving party, and a fact is material when it might affect the outcome of the suit under the governing substantive law." *Bird v. W. Valley City*, 832 F.3d 1188, 1199 (10th Cir. 2016). When the court applies this standard, it "view[s] the evidence and make[s] inferences in the light most favorable to the non-movant." *Nahno-Lopez v. Houser*, 625 F.3d 1279, 1283 (10th Cir. 2010). If the evidence is such that a reasonable jury could return a verdict for the non-movant, summary judgment is improper. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**MATERIAL FACTS**

I.      **Undisputed material facts.**

On March 15, 2020, Oklahoma Governor Kevin Stitt declared a state of emergency due to the COVID-19 pandemic. On March 17, 2020, the City declared a local health emergency. Then on March 24, 2020, Governor Stitt issued Fourth Amended Executive Order 2020–07, which ordered the closure of "all businesses not identified as being within a critical infrastructure sector as defined by the U.S. Department of Homeland Security[.]" On March 26, 2020, Mayor Wright drafted a notice letter ("Notice Letter"). The Notice Letter provides: "Governor Stitt has decreed that all nonessential businesses close . . . . Please understand that asking you to close your business is not an easy decision but a necessary one." It additionally states that the penalty for refusal to comply is six months in jail and a $3,000.00 fine. On March 26, 2020, Stilwell Chief of Police Chad Smith ("Chief Smith") delivered the Notice Letter to Plaintiff, which remained closed until April 15, 2020.

2

II.     **Disputed material facts.**

There is at least one material fact about which the parties do not agree. Defendants allege their intent in delivering the Notice Letter was to merely let the recipient know a state of emergency had been declared and non-essential businesses should close. Defendants further allege they did not determine which businesses were essential or non-essential, but instead left that determination to the individual businesses themselves. *See* Dkt. No. 52, ¶ 11. They characterize the Notice Letter as a "courtesy" to local businesses informing them about Governor Stitt's executive order. Plaintiff, conversely, asserts that in delivering the Notice Letter, Defendants prohibited it from operating. Plaintiff claims the Notice Letter is reasonably interpreted as requiring the recipient to close ("Please understand that asking **you** to close **your** business . . . ") (emphasis added) and notes that it includes a penalty for non-compliance. Plaintiff also cites to deposition testimony evidencing that when Chief Smith delivered the Notice Letter, he expressly stated that the pawnshop business must close. *See* Dkt. No. 57, ¶ 11.

**ANALYSIS**

Defendants seek summary judgement on both causes of action: (1) violation of the Oklahoma Pawnshop Act and (2) violation of the Due Process Clause.

I.     **Violation of the Oklahoma Pawnshop Act.**

The Oklahoma Pawnshop Act ("OPA") governs the regulation of pawnbrokers in Oklahoma. *See* Okla. Stat. tit. 59 § 1501 *et seq.* It provides that "[m]unicipalities may enact ordinances which are in compliance with but not more restrictive than the provisions of the Oklahoma Pawnshop Act." *Id.*, § 1514. It further provides that any municipal order, ordinance, or regulation "which conflicts with this provision shall be null and void." *Id.*

On October 5, 1970, the City passed Ordinance No. 71 to regulate pawnshop business within its limits. Plaintiff initially alleged this ordinance was more restrictive than the OPA and

therefore void. Then on October 5, 2020, the City repealed Ordinance No. 71 and adopted the OPA. As Plaintiff now expressly concedes, because the ordinance underlying the claim has been repealed, the claim is moot. *See* Dkt. No. 24 at p. 3–4, fn. 2; *Nat'l Advert. Co. v. City & Cty. of Denver*, 912 F.2d 405, 411 (10th Cir. 1990). Defendants are entitled to summary judgment on Plaintiff's cause of action for violation of the OPA.

## II.   Violation of the Due Process Clause.

Plaintiff asserts Defendants closed its pawnshop business and that such closure violated both procedural and substantive due process protections. Defendants, conversely, argue Plaintiff was not entitled to due process and even if Plaintiff was so entitled, then the applicable due process protections were provided. The Fourteenth Amendment prohibits any state from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV, § 1. The provision has both procedural and substantive components: "procedural due process ensures that a state will not deprive a person of life, liberty or property unless fair procedures are used in making that decision; substantive due process, on the other hand, guarantees that the state will not deprive a person of those rights for an arbitrary reason regardless of how fair the procedures are that are used in making the decision." *Archuleta v. Colorado Dep't of Institutions, Div. of Youth Servs.*, 936 F.2d 483, 490 (10th Cir. 1991).

### A.   Procedural due process.

In assessing a procedural due process claim, a court engages in a two-step inquiry and considers: (1) whether the plaintiff possessed a protected interest to which due process protection was applicable, and if so, (2) whether the plaintiff was afforded an appropriate level of process. *Ward v. Anderson*, 494 F.3d 929, 934 (10th Cir. 2007).

First, Defendants have not established Plaintiff lacked a protected interest. A property interest arises from "existing rules and understandings that stem from an independent source such as state law." *Castanon v. Cathey*, 976 F.3d 1136, 1140 (10th Cir. 2020). A liberty interest arises from "the Constitution itself, by reason of guarantees implicit in the word 'liberty' or from an expectation or interest created by state laws or policies." *Id*. Courts have recognized that a property interest may be present in the profits of a business and that a liberty interest may be present in the operation of a business. *See Ward*, 494 F.3d at 934, n.6 ("The property interest invoked by the Wards – injury to existing business relationships – is generally sufficient to support a claim under procedural due process."); *San Jacinto Sav. & Loan v. Kacal*, 928 F.2d 697, 704 (5th Cir. 1991) ("Kacal's property interest in the profits of her business and her liberty interest in operating her business do rise to the level of protectible interests."); *ETP Rio Rancho Park, LLC v. Grisham*, 522 F. Supp. 3d 966, 1042 (D.N.M. 2021) ("The Plaintiffs may have a property interest in operating their businesses under the Due Process Clause.").

Second, whether Plaintiff was afforded an appropriate level of process is contingent on disputed material facts. To determine whether a party was afforded an appropriate level of process, a court weighs three factors: (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and (3) the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. *Stanko v. Maher*, 419 F.3d 1107, 1115–16 (10th Cir. 2005) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)). Regarding the first factor, the parties dispute what the "official action" at issue even is. And similarly, regarding the second factor, the parties dispute the "procedures" that were actually used. Defendants allege they did not

5

determine which businesses were essential or non-essential, but instead left that determination to the individual businesses. They claim there was no official action or procedures used which resulted in closure of the pawn business. Plaintiff, on the other hand, alleges Chief Smith expressly stated that the pawn business must close and that the Notice Letter is reasonably interpreted as requiring the same. These disputes preclude summary judgment.

As a general rule, "one who has a protected property interest is entitled to some sort of hearing before the government acts to impair that interest." *Camuglia v. The City of Albuquerque*, 448 F.3d 1214, 1220 (10th Cir. 2006). Due process, however, is "flexible" and calls only "for such procedural protections as the particular situation demands." *Id*. If in "extraordinary situations" the state must act quickly, a pre-deprivation hearing may not be required. *Id*. For example, "[i]n matters of public health and safety, the Supreme Court has long recognized that the government must act quickly. Quick action may turn out to be wrongful action, but due process requires only a post-deprivation opportunity to establish the error." *Id*. Here, there was no pre-deprivation or post-deprivation hearing at all. A reasonable jury could conclude that Plaintiff had a protected property interest which was violated by Defendants. Defendants are therefore not entitled to summary judgment on Plaintiff's procedural due process claim.

### B.  Substantive due process.

A substantive due process violation occurs "where government action has infringed a fundamental right without a compelling government purpose" or "where government action deprives a person of life, liberty, or property in a manner so arbitrary it shocks the conscience." *Abdi v. Wray*, 942 F.3d 1019, 1027 (10th Cir. 2019) (citing *Washington v. Glucksberg*, 521 U.S. 702, 721–722 (1997) and *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)). Where the plaintiff challenges legislative action, a court applies the foregoing "fundamental-rights approach,"

and where a plaintiff challenges executive action, a court applies the forgoing "shocks-the-conscience approach." *Id*. Generally, a court considers whether state action shocks the conscience when "a specific act of a governmental officer [] is at issue." *Lewis*, 523 U.S. at 846. Here, no legislative action occurred. Instead, Plaintiff challenges the Notice Letter drafted by Mayor Wright and the statements of Chief Smith. Accordingly, the court considers whether the challenged state action may be said to shock the conscience.

Conduct "shocks the conscience" when it is "so brutal and offensive that it did not comport with traditional ideas of fair play and decency." *Id*. at 847. The scope of an actionable substantive due process claim is limited, and "[i]ntentionally or recklessly causing injury through the abuse or misuse of governmental power is not enough." *Onyx Properties LLC v. Bd. of Cty. Commissioners of Elbert Cty.*, 838 F.3d 1039, 1049 (10th Cir. 2016). Instead, the actions "must demonstrate a degree of outrageousness and a magnitude of potential or actual harm that is truly conscience shocking." *Klen v. City of Loveland, Colo.*, 661 F.3d 498, 513 (10th Cir. 2011).

Whether Plaintiff can meet this high bar is contingent on disputed material facts. As discussed, there is conflicting evidence regarding whether Defendants actually closed down the pawn business or whether Defendants were merely advising Plaintiff of Governor Stitt's order. Because the facts underlying the government action are in dispute, Defendants are not entitled to judgment as a matter of law that the government action did not violate Plaintiff's substantive due process rights. Defendants are therefore not entitled to summary judgment on Plaintiff's substantive due process claim.

## III.   The City's general authority.

Lastly, the City argues it has general authority to take reasonable measures to combat the COVID-19 pandemic based on particular Oklahoma statutes. Under Okla. Stat. tit. 11 § 22-120(A),

a "municipal governing body may enact and enforce such ordinances, rules and regulations as it deems necessary for the protection of the public health, not inconsistent with state law." And under Okla. Stat. tit. 21 § 1321.4(A), the Governor may declare a state of emergency and prohibit, among other things, the "sale, purchase or dispensing of other commodities or goods, as the Governor reasonably believes should be prohibited to help preserve and maintain life, health, property or the public peace." Cities and towns are also "authorized to enact ordinances in general conformity with the provisions of this act." *Id.*, § 1321.9.

These two provisions authorize the City to enact and enforce "ordinances, rules and regulations" and enact "ordinances." Yet, the City maintains that the "letter was not an Order, Ordinance, or Regulation with legal force . . . ." *See* Dkt. No. 52 at 18. It is therefore unclear how these statutory provisions could authorize the City's actions. If the Notice Letter was not an ordinance, rule, or regulation, then the provisions are not at issue. But even if the Notice Letter was an ordinance, rule, or regulation, then the City's general authority to regulate for the public health is still, of course, limited by the Due Process Clause. As discussed above, disputed material facts preclude judgment as a matter of law that Defendants complied with these limitations. Defendants are not entitled to summary judgment on Plaintiff's claims based on the City's general authority to legislate for the public health.

## CONCLUSION

For the reasons set forth above, the Motion for Summary Judgment of the City of Stilwell, Oklahoma [Dkt. No. 52] is **GRANTED IN PART and DENIED IN PART**. Defendants are entitled to summary judgment on Plaintiff's cause of action for violation of the Oklahoma Pawnshop Act but are not entitled to summary judgment on Plaintiff's cause of action for violation of the Due Process clause.

**IT IS SO ORDERED** this 5th day of January, 2022.

8

_____
THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA